ALLEN, Judge.
The appellant challenges the denial of a petition by which he alternatively sought a writ of mandamus or habeas corpus. While imprisoned the appellant was awarded administrative gain-time and provisional credits, which led to his release. However, the Department of Corrections (the department) subsequently determined that section 944.277(l)(i), Fla. Stat. (Supp.1992), should have been applied so as to disqualify the appellant from receiving provisional credits. *795 The appellant was thereafter returned to prison, whereupon all provisional credits and administrative gain-time were apparently cancelled pursuant to section 944.277(l)(i), Fla. Stat. (Supp.1992), and section 944.278, Fla. Stat. (1995). The appellant claims that this is an unconstitutional ex post facto application of these statutes.
In responding to this claim the department relied on Attorney General Opinion 92-96 and eases such as Griffin v. Singletary, 638 So.2d 500 (Fla.1994), for the proposition that these early release mechanisms may be legislatively abolished without violating ex post facto protections. However, after the lower court denied relief the United States Supreme Court addressed a similar claim in Lynce v. Mathis, — U.S. -, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997), and repudiated the broad import of these authorities. The appealed order is therefore reversed, and the case is remanded for reconsideration or further proceedings in light of Lynce.
WEBSTER and MICKLE, JJ., concur.